UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVID C. GRESSETTE, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL OF ACTION** |
| vs. | ) | **UNDER 28 U.S.C. § 1441(a)** |
| | ) | |
| SUNSET GRILLE, INC., and | ) | |
| RONNIE JONES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:  BERT G. UTSEY, III, ESQUIRE ATTORNEY FOR THE PLAINTIFF; CLERK OF COURT, U.S. DISTRICT COURT, CHARLESTON DIVISION; AND CLERK OF COURT, COLLETON COUNTY:

Please take notice that the Defendant, Ronnie Jones, by and through his undersigned attorneys has this date removed the within civil action from the Court of Common Pleas of Colleton County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 USC §1441 et seq. This action is removed on the grounds that it is a civil action of which this Court has original jurisdiction under the provisions of 28 USC §1332(a) and is one which may be removed to this Court by the petitioner, the Defendant Ronnie Jones herein, pursuant to the provisions of 28 USC §1441 in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and it is between citizens of different states so that a complete diversity of citizenship exists.

Plaintiff, David C. Gressette, is alleged to be a citizen and resident of the State of South Carolina. Defendant, Ronnie Jones, is a citizen and a resident of the State of Georgia. The purported Co-Defendant, Sunset Grille, Inc., is alleged to be organized and existing under the

laws of the State of South Carolina, with its principal place of business in the State of South Carolina. The Plaintiff has filed his Complaint jointly against Defendant Ronnie Jones and Sunset Grille, Inc. requesting a declaratory judgment that Defendant Ronnie Jones is not and never has been a shareholder in Defendant Sunset Grille, Inc., and that Defendant Ronnie Jones is therefore not entitled to exercise the rights of a shareholder in Defendant Sunset Grille, Inc.

Defendant Ronnie Jones seeks the present removal on the ground that Co-Defendant Sunset Grille, Inc. is not properly joined as a Co-Defendant. Defendant Ronnie Jones requests that the Court realign the parties so that Sunset Grille, Inc. is named a Plaintiff in this matter. In *U.S. Fidelity and Guar. Co. v. A&S MFG. Co.*, 48 F.3d 131 (4th Circ. 1995) the court applied the principal purpose test in determining whether to realign the parties for diversity jurisdiction. "Application of the principal purpose test entails two steps. First, the court must determine the primary issue in the controversy. Next the court should align the parties according to their respective positions with respect to the primary issue." *U.S. Fidelity and Guar. Co.* at 133.

The Court should grant Defendant Ronnie Jones request for removal and realignment of the parties because the primary issue in controversy is between Plaintiff and Defendant Ronnie Jones. The complaint specifically seeks a declaratory judgment ordering that Defendant Ronnie Jones does not have an interest in Defendant Sunset Grille, Inc. There is no primary issue of controversy between Plaintiff and Defendant Sunset Grille, Inc. To the contrary, Plaintiff is an owner of Defendant Sunset Grille, Inc. and has brought this lawsuit individually, and on behalf of Defendant Sunset Grille, Inc., to declare that Defendant Ronnie Jones has no interest in the business. The only issue in controversy in this matter is between Plaintiff and Defendant Ronnie Jones. Co-Defendant Sunset Grille, Inc. is an illusory in-state Defendant which is added to this Complaint merely as an attempt to destroy diversity jurisdiction.

2

Accordingly, with no primary issue of controversy between Plaintiff and Co-Defendant Sunset Grille, Inc., Defendant Ronnie Jones respectfully requests that this Honorable Court retain jurisdiction, and realign the parties so that Defendant Sunset Grille, Inc. is named a Plaintiff in this matter. This action involves a controversy totally between citizens of different states and is a civil action of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a).

Copies of all process, pleadings and orders served upon the Defendant are attached hereto.

The removing Defendant has provided a copy of the Notice of Removal to the Clerk of Court for Colleton County, South Carolina. A copy of this Petition is being provided to counsel for the named Plaintiff.

WHEREFORE, the removing Defendant respectfully requests this action be removed from the Court of Common Pleas for Colleton County, South Carolina, to this Court and further relief to which he may be justly entitled, both at law and in equity.

Respectfully submitted,

LAW OFFICES OF PAUL E. TINKLER

BY: _____
Paul E. Tinkler (Fed. I.D. 4108)
Spiro S. Ferderigos (Fed. I.D. 9392)
154 King Street, 3rd Floor (29401)
P. O. Box 366
Charleston, SC 29402
(843) 853-5203

Mark W. McKnight (Fed. I.D. 2801)
154 King Street, 2nd Floor
Charleston, SC 29401

Dated: 3-24, 2006
Charleston, South Carolina

ATTORNEYS FOR DEFENDANT, RONNIE JONES

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of March, 2006, a true and correct copy of the above and foregoing Notice of Removal of Action was mailed, *via* United States Mail with sufficient postage thereon, to:

Bert G. Utsey, III
123 S. Walter Street
Walterboro, SC 29488

The Honorable Patricia C. Grant
Clerk of Court, Colleton County
P.O. Box 620
Walterboro, SC 29488

Clerk of Court
U.S. District Court, Charleston Division
Meeting Street at Broad
Charleston, SC 29401
(via electronic filing)

_____
Jennifer Helm, Legal Assistant

4