| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF COLLETON ) | CASE NUMBER: 06-CP-15-97 |
| ) | |
| DAVID C. GRESSETTE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | COMPLAINT |
| ) | |
| SUNSET GRILLE, INC., and ) | (Non-Jury) |
| RONNIE JONES, ) | |
| ) | |
| Defendants. ) | |

Plaintiff complains of the Defendants as follows:

1. Plaintiff is a citizen and resident of Colleton County, South Carolina.

2. Defendant Sunset Grille, Inc. (hereinafter referred to as "Sunset") is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Colleton County, South Carolina.

3. Defendant Ronnie Jones (hereinafter referred to as "Jones") is, upon information and belief, a citizen and resident of the State of Georgia, but over whom the Courts of the State of South Carolina have long-arm jurisdiction pursuant to S.C. Code Ann. § 36-2-803 (1976, as amended).

4. This is a declaratory judgment action brought pursuant to the South Carolina Uniform Declaratory Judgments Act, S.C. Code Ann. § 15-53-10, *et seq.* (1976, as amended).

5. Plaintiff is a shareholder in Sunset.

6. Jones contends that he is also a shareholder in Sunset and that he is entitled to exercise the rights of a shareholder under South Carolina law.

7. Plaintiff denies that Jones is or ever has been a shareholder in Sunset.

8. Sunset has never issued shares of stock to Jones.

9. Jones has never been reflected on the corporate books of Sunset as a shareholder.

10. Jones has never been reflected on the financial or tax records of Sunset as a shareholder.

11. Jones has never performed labor in the trade and business of Sunset.

12. Jones is not entitled to exercise the rights of a shareholder in Sunset.

13. Plaintiff is entitled to a declaratory judgment that Jones is not and never has been a shareholder in Sunset and that Jones has no shareholder rights with respect to Sunset.

14. An actual and justiciable controversy exists between the parties; therefore, a declaratory judgment is appropriate to assist the parties in understanding their rights and responsibilities.

15. Pursuant to S.C. Code Ann. § 15-53-80 (1976, as amended), Plaintiff has named Sunset as a party to this action inasmuch as it has an interest that may be affected by the outcome of this action.

WHEREFORE, Plaintiff prays for a declaratory judgment that Defendant Ronnie Jones is not and never has been a shareholder in Defendant Sunset Grille, Inc. and that Defendant Ronnie Jones is therefore not entitled to exercise the rights of a shareholder in Defendant Sunset Grille, Inc. Plaintiff also prays for the costs of this action and any such other and further relief as this Court may deem to be just and proper.

PETERS, MURDAUGH, PARKER,
ELTZROTH & DETRICK, P.A.

By: _____
BERT G. UTSEY, III
123 S. Walter Street
PO Box 1164
Walterboro, SC 29488
Phone: (843) 549-9544
Fax:    (843) 549-9546

Attorneys for Plaintiff

February 7, 2006
Walterboro, South Carolina

2