IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID C. GRESSETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 2:06-982-PMD |
| ) | |
| SUNSET GRILLE, INC., and ) | **ORDER** |
| RONNIE JONES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiff David C. Gressette's ("Gressette") motion to remand. For the reasons set forth herein, the court denies Plaintiff's motion.

**BACKGROUND**

Plaintiff Gressette is a citizen and resident of Colleton County, South Carolina. Defendant Sunset Grille, Inc. ("Sunset") is a corporation organized and existing under the laws of the State of South Carolina with its principle place of business in Colleton County, South Carolina. Defendant Ronnie Jones ("Jones") is a citizen and resident of the State of Georgia.

On February 7, 2006, Plaintiff filed suit in the Colleton County Court of Common Pleas against Defendants Sunset and Jones, requesting a declaratory judgment that Defendant Jones is not and never has been a shareholder in Defendant Sunset, and that Defendant Jones, therefore, is not entitled to exercise the rights of a shareholder.

On March 24, 2006, Defendant Jones removed the declaratory judgment action to this court pursuant to 28 U.S.C. § 1441. In his notice of removal, Defendant Jones asserts that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Specifically, Jones asserts that complete diversity exists because Defendant Sunset is not a properly joined Defendant. Rather,

Jones claims that Defendant Sunset is an illusory in-state Defendant added only to destroy diversity jurisdiction, and Jones, therefore, asks the court to realign the parties to name Defendant Sunset as a Plaintiff in this matter. In support of his request, Jones asserts that the primary issue in controversy is between Plaintiff and Jones, and that no issue in controversy exists between Plaintiff and Sunset.

On April 24, 2006, following removal to this court, Plaintiff filed a motion to remand this case to the Colleton County Court of Common Pleas. In support of his motion, Plaintiff first asserts that all Defendants did not consent to removal. Second, Plaintiff asserts that Defendant Sunset should not be considered a Plaintiff for purposes of this action, and third, Plaintiff states that the court should abstain from exercising its discretionary jurisdiction over this declaratory judgment action. Defendant Sunset filed a response in support of Plaintiff's motion to remand, asserting that it did not consent to removal and that the court should not realign it as a Plaintiff. Defendant Jones filed a response in opposition to Plaintiff's motion, asserting that Plaintiff's grounds for remand lack merit. The court agrees with Defendant Jones.

## DISCUSSION

In order for removal jurisdiction to exist, a federal court must have original jurisdiction. *See* 28 U.S.C. § 1441(a).[1] The party seeking removal bears the burden of establishing that federal

---

[1] The right to remove a case from state court to federal court derives solely from 28 U.S.C. § 1441, which provides:

> (a) . . . any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States

jurisdiction exists. *See Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir.1999); *Mulcahey v. Columbia Organic Chemicals, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Id*.

## I.     Realignment of Defendant Sunset as a Plaintiff

In the case *sub judice*, it is clear that as currently aligned in Plaintiff's complaint, complete diversity does not exist.[2]  *See* 28 U.S.C. § 1332(a).[3]  However, Defendant Jones asserts that Defendant Sunset is not properly joined as a Defendant, and therefore, Jones requests that the court realign the parties to name Defendant Sunset as a Plaintiff in this matter. Should the court grant Jones's request for realignment, complete diversity would in fact exist.

With regard to the alignment of parties for purposes of diversity jurisdiction, the Supreme Court has stated the following:

> To sustain diversity jurisdiction there must be an actual, substantial controversy between citizens of different states, all of whom on one side of the controversy are

---

shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441 (emphasis added).

[2]  Plaintiff Gressette is a citizen and resident of South Carolina, and Defendant Sunset is a corporation organized and existing under the laws of South Carolina with its principle place of business in Colleton County, South Carolina.

[3]  Section 1332 provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states . . . ." 28 U.S.C. § 1332.

> citizens of different states from the parties on the other side. Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants. It is our duty, as it is that of the lower federal courts, to look beyond the pleadings, and arrange the parties according to their side of the dispute. Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary collision of interest exists, is therefore not to be determined by mechanical rules. It must be ascertained from the principal purpose of the suit and the primary and controlling matter in dispute. These familiar doctrines governing the alignment of parties for purposes of determining diversity of citizenship have consistently guided the lower federal courts and this Court.

*Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) (internal citations and quotations omitted).

In *U.S. Fid. & Guar. Co. v. A&S Mfg. Co.*, the Fourth Circuit Court of Appeals affirmed the use of the "principle purpose" test, developed from the Supreme Court's decision in *Indianapolis*, for determining whether realignment of the parties is appropriate. *See* 48 F.3d 131 (4th Cir. 1995). Pursuant to the "principle purpose" test, the court must (1) determine the primary issue in controversy in the litigation and (2) align the parties with respect to this primary issue. *Id*. at 133. "If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist." *Id*. Here, as previously mentioned, the alignment of Defendant Sunset is critical because if Sunset remains a Defendant, complete diversity does not exist; however, if the court aligns Defendant Sunset as a Plaintiff, then complete diversity does exist.

### A.     Primary Issue in Controversy

Pursuant to the "principal purpose" test, the court first must determine the primary issue in controversy. *U.S. Fid. & Guar. Co.*, 48 F.3d 131. Here, it is clear that the primary issue in controversy is whether Defendant Jones is a shareholder and/or has an interest in Sunset. In Plaintiff's complaint, Plaintiff requests "a declaratory judgment that Defendant Ronnie Jones is not and never has been a shareholder in Defendant Sunset Grille, Inc. and that Defendant Ronnie Jones is therefore not entitled to exercise the rights of a shareholder in Defendant Sunset Grille, Inc."

(Pl.'s Compl. at 2.) In Plaintiff's motion to remand, Plaintiff reiterates that he filed the present action to obtain an order declaring that Jones is not and never has been a shareholder of Sunset. (*See* Pl.'s Compl. at 2.)

In any event, Plaintiff maintains that Sunset is a proper Defendant in this action pursuant to S.C. Code Ann. § 15-53-80, because it has an interest in the outcome of this matter.[4] Plaintiff quotes section 15-53-80, which provides that "[w]hen declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." S.C. Code Ann. § 15-53-80. What Plaintiff fails to acknowledge, however, is that section 15-53-80 does not require Sunset to be named a Defendant in the matter; rather; section 15-53-80 states only that all persons who have any interest in the declaratory judgment action shall be made "parties." And it is this court's duty to look beyond Plaintiff's complaint and arrange the necessary parties according to their interests in the dispute.

Ultimately, in the present matter, there is no doubt that the primary issue in controversy is between Plaintiff Gressette, both as an individual and on behalf of Sunset, and Defendant Jones. Additionally, it is clear that no primary issue in controversy exists between Plaintiff Gressette and Defendant Sunset.[5]

---

[4] For example, Plaintiff asserts that Sunset may have to recompute its corporate tax liability or reexamine issues of corporate accounting and corporate records should Defendant Jones somehow be determined to be a shareholder of Sunset.

[5] Plaintiff himself even states, "[w]hile Sunset is a necessary party to this action, its interest in this action will not be adversely affected by either possible outcome of the declaratory judgment action. Sunset will still be required to make distributions to shareholders regardless of who they may be." (Pl.'s Mot. to Remand at 4.)

### B.     Alignment of the Parties with Respect to the Primary Issue

The next step pursuant to the "principal purpose" test requires the court to align the parties with respect to the primary issue. *U.S. Fid. & Guar. Co.*, 48 F.3d 131. Here, because the court finds the primary issue to be whether Defendant Jones is a shareholder and/or has an interest in Sunset, the court wholly agrees with Defendant Jones that Defendant Sunset is more properly aligned as a Plaintiff in this matter. As Jones points out, Plaintiff Gressette claims to be the sole owner of Sunset, and it is clear that Gressette has brought this suit both as an individual and on behalf of Sunset to obtain a declaration that Defendant Jones has no interest in the business. Accordingly, the court finds that it is appropriate for Defendant Sunset to be aligned with Plaintiff Gressette in this matter. Additionally, because the court's alignment of the parties differs from the face of the complaint, the court finds that diversity jurisdiction does, in fact, exist.[6]

## II.    Abstention Pursuant to the Federal Declaratory Judgment Act

Besides arguing that Defendant Sunset should not be realigned as a Plaintiff in this matter, Plaintiff Gressette also asserts that even if diversity jurisdiction does exist, the court should abstain from exercising its discretionary jurisdiction over this declaratory judgment action, pursuant to the Federal Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201.

Pursuant to the Act, federal courts have discretion to exercise jurisdiction over a declaratory

---

[6] As an additional matter, in his motion to remand, Plaintiff's first ground for remand is that Defendant Sunset did not consent to removal of this matter. However, because the court has realigned Defendant Sunset as a Plaintiff for purposes of diversity jurisdiction, Sunset's lack of consent for removal is of no moment. *See Ohio Cas. Ins. Co. v. RLI Ins. Co.*, 2005 WL 2574150, *4 (M.D.N.C. Oct. 12, 2005) (citations omitted) (unpublished) ("If a defendant is disregarded or is realigned for jurisdictional purposes, that defendant need not consent to removal, and the Court will evaluate jurisdiction based on the positions of the parties after the realignment.").

judgment action.  Specifically, the Act provides in part: "In a case or actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201 (emphasis added).  The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).  "The Fourth Circuit has explained that a declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)).  "When a related state court proceeding is pending, however, considerations of federalism, efficiency, and comity should inform the district court's decision whether to exercise jurisdiction over a declaratory judgment action."  *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotations and citations omitted).  To determine whether to proceed with a federal declaratory judgment action when a related state court proceeding is underway, the Fourth Circuit has focused on the following four factors for guiding the analysis:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping."

*Penn-America Ins. Co.*, 368 F.3d at 412 (internal citations omitted); *see also Nautilus Ins. Co. v.*

7

*Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994) (setting forth these four factors).[7]

In the present case, there is no underlying action pending in state court. Nevertheless, Plaintiff argues that this court should abstain from deciding this matter because the State of South Carolina has a strong interest in having the ownership and rights of South Carolina corporations decided in state court. Plaintiff states: "The State of South Carolina has a clear interest in insuring [sic] that the ownership and record-keeping of entities created under its laws are performed consistently, in accordance with state laws, and with certainty." (Pl.'s Mot. to Remand at 6.) Ultimately, however, with no pending parallel state court action, this court finds that Plaintiff's unsupported, lone assertion that South Carolina has a strong interest in having the instant issues decided in state court does not support abstention from this declaratory judgment action. Accordingly, the court denies Plaintiff's motion to remand.

## CONCLUSION

It is, therefore, **ORDERED** for the foregoing reasons, that Plaintiff's motion to remand is **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 22, 2006**

---

[7] *Wilton* overruled portions of *Nautilus* dealing with appellate standards of review. *See* 515 U.S. 277. However, the factors articulated in *Nautilus* with regard to whether to a court's exercise of discretion in a declaratory judgment action remain applicable. *See Penn-America*, 368 F.3d at 412.