UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RONNIE JONES, | ) | Case No.: 2:06-982-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| | ) | **AMENDED COMPLAINT** |
| DAVID C. GRESSETTE, | ) | (Jury Trial Demanded) |
| J. LYNN MCCANTS, TRUSTEE, | ) | |
| THREE PALMS LLC and | ) | |
| SUNSET GRILLE, INC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff complains of the above named Defendants as follows:

1. The parties hereto and the subject matter hereof are all within the jurisdiction of this Honorable Court.

2. Upon information and belief, Defendant, David C. Gressette (hereinafter Gressette) is a citizen and resident of Colleton County, South Carolina. Plaintiff, Ronnie Jones (hereinafter Jones) is a citizen of the State of Georgia. Defendant, Three Palms, LLC is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Colleton County, South Carolina. Defendant, Sunset Grille, Inc. (hereinafter Sunset Grille) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Colleton County, South Carolina. Defendant, J. Lynn McCants (hereinafter McCants) is a resident of Charleston County South Carolina and is being joined in his capacity as trustee under a trust created to hold real estate in Colleton County, South Carolina.

3.  The Federal District Court, Charleston Division, properly has original jurisdiction over this matter pursuant to 28 USC §1441 et seq.

4.  Sunset Grille was incorporated on June 1, 1997.  Jones made an initial investment of $30,000.00 and co-signed a $250,000.00 loan for the corporation.  Gressette has acted as the managing member of the corporation and handles the everyday affairs of the corporation.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

5.  That Plaintiff hereby realleges each and every allegation of Plaintiff's one through four above as if fully set forth herein.

6.  Gressette owes a fiduciary duty to Jones as a result of his interest in Sunset Grille and the parties' personal relationship.  The parties reposed a special confidence in each other so that the other, in equity and good conscience, was bound to act in good faith and with due regard to the interests of the one reposing the confidence. Gressette has acted in a manner that is illegal, oppressive, fraudulent, and unfairly prejudicial to Jones.  Gressette has breached his fiduciary duties to Jones by participating in self-dealing, paying personal expenses with corporate funds, failing to provide distributions and payments to Jones, and failing to make the corporate records available to Jones for inspection.  Upon information and belief, Gressette has acted willfully and wantonly or in reckless disregard of Jones' rights while breaching his fiduciary duties and mismanaging the corporate affairs.

7.  That as a proximate result of this breach of fiduciary duty, Jones has suffered actual and consequential damages as set forth herein.  Jones is informed and believes that he is entitled to an accounting, actual damages, consequential damages, punitive damages and attorney's fees

and costs.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract and Breach of Contract Accompanied by Fraudulent Act)

8. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through seven above as if fully set forth herein.

9. The parties entered into a contract to divide the profits of Sunset Grille. In consideration for this contract, Jones made an initial investment of $30,000.00 and co-signed a $250,000.00 loan for Sunset Grille. Upon information and belief, Gressette has acted willfully and wantonly or in reckless disregard of Jones' rights in breaching the aforesaid contract.

10. That as a proximate result of Gressette's breaches, Jones has suffered actual and consequential damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual, consequential, and punitive damages as a result of Gressette's breach of contract.

## FOR A THIRD CAUSE OF ACTION
### (Fraud, Constructive Fraud and Misrepresentation)

11. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through ten above as if fully set forth herein.

12. Gressette made a representation to Jones that they were co-owners in Sunset Grille. Jones relied on Gressette's representation, and made an initial contribution of $30,000.00 and co-signed a $250,000.00 loan to finance Sunset Grille.

13. After receiving the funds from Jones, Gressette now claims that Jones has no interest in Sunset Grille. Gressette knew or ought to have known of the alleged falsity of his representations, and made these representations so that Jones would provide funding for Sunset Grille. Upon

information and belief, Gressette acted willfully and wantonly or in reckless disregard of Jones' rights in making the aforesaid representations.

14. That as a proximate result of Gressette's representations, Jones has suffered actual and consequential damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual, consequential, and punitive damages as a result of Gressette's behavior.

## FOR A FOURTH CAUSE OF ACTION
### (Conversion)

15. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through fourteen above as if fully set forth herein.

16. Gressette converted funds in which Jones has an interest by engaging in self-dealing and failing to provide distributions and payments to Jones from Sunset Grille. Jones did not authorize this behavior. That as a proximate result of Gressette's conversion, Jones has suffered actual and consequential damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual and consequential damages resulting from Gressette's actions.

## FOR A FIFTH CAUSE OF ACTION
### (Negligence)

17. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through sixteen above as if fully set forth herein.

18. Gressette negligently breached his duty of care to Jones by engaging in self-dealing, failing to provide distributions and payments, and failing to provide the corporate records to Jones for inspection.

19. That as a proximate result of Gressette's negligence, Jones has suffered actual and

4

consequential damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual and consequential damages as a result of Gressette's negligence.

### FOR A SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

20. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through nineteen above as if fully set forth herein.

21. Gressette made a representation to Jones that he was a partner or shareholder in Sunset Grille. After Jones provided a $30,000.00 initial contribution and co-signed a $250,000.00 loan, Gressette refused to acknowledge Jones' shareholder rights. Gressette failed to exercise his duty of care by communicating false information to Jones regarding his ownership interest in Sunset Grille. Jones justifiably relied on Gressette's representation, and provided significant funding for Sunset Grille.

22. That as a proximate result of Gressette's negligent misrepresentation, Jones has suffered pecuniary damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual and consequential damages as a result of Gressette's negligent misrepresentation.

### FOR A SEVENTH CAUSE OF ACTION
### (Promissory Estoppel)

23. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through twenty-two above as if fully set forth herein.

24. Gressette unambiguously promised that he and Jones had entered into a joint venture to form Sunset Grille. Jones reasonably relied on Gressette's promise and made a contribution of

$30,000.00 and co-signed a loan in the amount of $250,000.00 for Sunset Grille at Gressette's request.

25. That as a proximate result, Jones has suffered pecuniary damages as set forth herein. Accordingly, Jones is informed and believes that he is entitled to actual and consequential damages.

### FOR AN EIGHTH CAUSE OF ACTION
### (Derivative Shareholder's Action)

26. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through twenty-five above as if fully set forth herein.

27. That this action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

28. That Jones is the owner and shareholder of 440 shares of stock in Sunset Grille, which he acquired at the time of incorporation.

29. That Jones was a shareholder at the time of the transactions by Defendant of which he complains.

30. That Jones fairly and adequately represents the interests of the shareholders of Sunset Grille similarly situated in enforcing the rights of the corporation.

31. That Sunset Grille, since its inception on June 1st, 1997, has been generally dominated and controlled by Gressette, who has acted as the managing partner.

32. That Gressette, as an officer of Sunset Grille, has violated his duty to Jones and the corporation by wrongfully and fraudulently abusing his fiduciary position. Gressette has diverted corporate funds at the detriment of Jones, a shareholder; has failed to pay distributions

to Jones, and has failed to make corporate records available for Jones' inspection.

33. That Jones has attempted to no avail to obtain the action he desires from Gressette and the corporation by demanding that the attorney for Sunset Grille take immediate action to recover any and all monies and other corporate assets diverted to or by Gressette.

34. That the corporate attorney for Sunset Grille and Gressette have declined to take action to recover monies and corporate assets diverted to or from Sunset Grille by Gressette.

35. That as a proximate result of Gressette's actions, the corporation has suffered actual and consequential damages as set forth herein. Jones is informed and believes that he is entitled to an accounting, actual damages, consequential damages, and attorney's fees and costs.

### FOR A NINTH CAUSE OF ACTION
### (USURPATION OF CORPORATE OPPORTUNITY)

36. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through thirty-five above as if fully set forth herein.

37. That Gressette, as a corporate officer, is under a fiduciary obligation not to divert a corporate business opportunity for personal gain, and is required to avoid fraud, bad faith, and self-dealing. Gressette has a duty to the corporation to act with undivided loyalty and good faith.

38. That Gressette, as a corporate officer, is required to disavow any corporate opportunity where his private interest will conflict with that of the corporation.

39. That Gressette usurped a corporate opportunity by purchasing the real estate upon which Sunset Grille is situated. On January 27th, 2005, Three Palms, LLC, another company created and controlled by by Gressette, purchased the real estate upon which Sunset Grille is situated. Had it not been for Gressette's diverting monies from Sunset Grille, Sunset Grille would have

been financially able to undertake and had a reasonable interest in undertaking this business opportunity. For this reason, Gressette's personal interest was in conflict with that of the corporation and he chose to take this corporate opportunity for himself.

40. That Gressette failed to disclose this corporate opportunity to Sunset Grille by failing to discuss it with Jones, the only other shareholder at the time of the transaction.

41. That as a proximate result of Gressette's actions, the corporation has suffered actual and consequential damages as set forth herein. Jones is informed and believes that he is entitled to an accounting, actual damages, consequential damages, and attorney's fees and costs.

### FOR A TENTH CAUSE OF ACTION
### (Action to Declare a Constructive Trust)

42. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through forty-one above as if fully set forth herein.

43. That Gressette used corporate funds belonging to Sunset Grille to purchase the real estate on which the restaurant is located in the name of Three Palms, LLC. Gressette thereafter conveyed the property from his company, Three Palms, LLC, to J. Lynn McCants, as Trustee for Edisto Marina Property Trust.

44. That, the real estate is properly an asset of Sunset Grille, held in constructive trust by J. Lynn McCants, a citizen of Charleston, South Carolina.

### FOR AND ELEVENTH CAUSE OF ACTION
### (FRAUDULENT CONVEYANCE)

45. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through forty-four above as if fully set forth herein.

46. That during the pendency of this case the real estate has been conveyed by Three Palms, LLC to J. Lynn McCants, as trustee.

47. That this conveyance and the prior conveyance to Three Palms, LLC were made with the intent to defraud Jones in his rights as co-owner or shareholder in Sunset Grille, Inc. and to delay, defraud, or hinder him in his collection of the judgment debt expected as a result of this action, in violation of South Carolina Code Section 27-23-10

### FOR A TWELFTH CAUSE OF ACTION
### (EQUITABLE ACCOUNTING)

48. That Plaintiff hereby realleges each and every allegation of Plaintiff's one through forty-seven above as if fully set forth herein.

49. That Plaintiff is entitled to an equitable accounting of any and all corporate assets inappropriately applied by Gressette and/or Sunset Grille and an order requiring they, or either of them, disgorge all improper gains.

**WHEREFORE**, Plaintiff prays for the following relief:

1. For a judgment against the Gressette and Sunset Grille, Inc. in a sum to be determined by the court, including actual, consequential, and punitive damages.  For a remedy of an accounting, attorney's fees, court appointment of a receivership, and dissolution of the corporation or an Order requiring Gressette to buy Jones' shares of stock at fair value.

2. For an order requiring J. Lynn McCants to transfer title of the real estate to Sunset Grille, Inc.

3. For all costs and disbursements of this action and for such other and further relief as the Court may deem just and proper.

                Respectfully submitted,

                s/Paul E. Tinkler_____
                PAUL E. TINKLER (Fed. I.D. 4108)
                154 King Street
                Charleston, SC 29401
                (843) 853-5203
                (843) 853-4206

                MARK W. MCKNIGHT (Fed. Id. 2801)
                154 King Street, 2nd Floor
                Charleston, SC 29401

                ATTORNEYS FOR PLAINTIFF,
                RONNIE JONES

At Charleston, South Carolina

This 17th day of August