IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Ronnie Jones, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:06-982-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David C. Gressette, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon the recommendation of United States Magistrate Judge George C. Kosko that Plaintiff Ronnie Jones' ("Plaintiff" or "Jones") Motion to Reopen Case, Enforce Settlement Agreement, and Impose Sanctions be denied.[1] The record contains the report and recommendation (the "R&R") of Magistrate Judge Kosko, which was made in accordance with 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the R&R.

### BACKGROUND

This case has a long and complicated history. On February 8, 2006, David C. Gressette ("Gressette") filed suit against Jones and Sunset Grille, Inc. ("SSG") in the Court of Common Pleas of Colleton County. That complaint alleged that Gressette was a shareholder in SSG but that Jones was not. (*See* Gressette Compl.) The complaint sought a "declaratory judgment that . . . Jones is not and never has been a shareholder in . . . Sunset Grille, Inc. and that . . . Jones is therefore not entitled to exercise the rights of a shareholder in . . . Sunset Grille, Inc." (Gressette Compl. at 2.) On February 27, 2006, Jones filed a Notice of Removal, claiming removal was proper because SSG was not properly joined as a co-defendant. Jones filed an Answer on February 28, 2006, in which

---

[1] Two additional motions have been filed since Magistrate Judge Kosko issued his Report and Recommendation.

he asserted numerous counterclaims against Gressette.

Gressette filed a Motion to Remand on April 21, 2006, but the court denied that motion in an order dated June 22, 2006. The parties subsequently consented to their realignment as reflected in the current caption of the case, such that Jones is the plaintiff, and SSG and Gressette are the defendants. An Amended Complaint was filed on August 17, 2007, listing Gressette, SSG, J. Lynn McCannts, and Three Palms LLC as defendants. (*See* Doc. No. [102].) Five days later, on August 22, 2007, Gressette filed a Motion to Enforce Settlement, requesting the court to enforce the settlement reached by the parties on July 27, 2007. Jones opposed the motion, and a hearing was held before the undersigned on August 27, 2007. After that hearing, the court issued an order dismissing the case: "**IT IS ORDERED** that this action is hereby dismissed without costs and without prejudice. If settlement is not consummated within one hundred twenty (120) days, either party may petition the Court to reopen this action and restore it to the calendar. In the alternative, to the extent permitted by law, either party may within one hundred twenty (120) days petition the Court to enforce the settlement." (Order of Dismissal [114].)

On October 15, 2007, Jones filed a Motion for Contempt and Appointment of a Receiver, and a hearing on that motion was held before United States Magistrate Judge George Kosko on November 6, 2007. At that time, Magistrate Judge Kosko granted the oral motion to convert the request for criminal contempt to civil contempt, and he took the Motion for Contempt under advisement.

On December 12, 2007, Gressette filed a Motion to relieve his counsel, and a hearing was noticed on that motion, indicating the hearing was set for January 3, 2008, before Magistrate Judge Kosko. On December 21, 2007, Jones filed a Motion to Reopen Case, Enforce Settlement

Agreement and Impose Sanctions. A "Partial Arbitration Award" was filed with the court on January 2, 2008, and that document states,

> Accordingly, I hereby award a judgment in the amount of $445,885.79 in principal and $182,933.58 in interest, with any upward adjustment to be determined at the next hearing in this matter, for a total interim judgment of $628,819.37 in favor of the Corporation against Gressette. This judgment may be entered forthwith pursuant to the parties' Settlement Agreement.

(*See* Doc. No. [135].)

A hearing was held before Magistrate Judge Kosko on January 3, 2008. During that hearing, Judge Kosko granted Gressette's Motion to relieve his counsel. The hearing began with Judge Kosko asking the attorneys whether the settlement agreement and mutual release dated August 27 was in fact the settlement agreement of the parties. (Tr. of Hr'g 2, Jan. 3, 2008.) In response to Judge Kosko's question as to whether the settlement agreement "says that the disputed matters between the parties shall be resolved by this arbitrator," Mr. McKnight, attorney for Jones, stated,

> In this case, . . . our motion to enforce is directed toward the noncompliance of the defendant with the clear and express terms of the agreement. It's a motion to enforce the agreement. Hasn't provided documents which were to be provided, told this Court in November that we'd get the documents in November; still to this date we don't have them. I mean, all sorts of misrepresentations, some included in that document, some made here in open court, many of them, simply haven't been fulfilled.

(Tr. of Hr'g 9, Jan. 3, 2008.) It also comes to light during the hearing that Mr. Utsey, on behalf of Gressette, "filed an identical motion in State Court related to a State Court action that Mr. Gressette filed to require certain compliance with the arbitration agreement as well." (Tr. of Hr'g 10, Jan. 3, 2008.) It appears this state court action may concern the scope of the issues the arbitrator could decide pursuant to the settlement agreement. (Tr. of Hr'g 10-11, Jan. 3, 2008.) When asked whether the arbitrator exceeded his authority, however, both parties agreed that the arbitrator had stayed

3

within the confines of the settlement agreement in making the award. (Tr. of Hr'g 11, 14, Jan. 3, 2008.) Judge Kosko then stated,

> Here's my report and recommendation, and it's oral, and this transcript will be typed and it will be made part of this hearing. It's my report and recommendation that the agreement between the parties, entered before Judge Duffy, is, in fact, a settlement agreement which ended this matter with finality. It was executory in nature, requiring the use of an arbitrator. An arbitrator was, in fact, selected; an arbitrator did, in fact, make a partial award, which has been reduced to writing and which is capable of being filed in State Court.
> 
>   Furthermore, it is my recommendation that the matter be returned to State Court, wherein the state has procedures under supplemental proceedings to invoke the panoply of South Carolina law to enforce the judgment where this matter properly now belongs.

(Tr. of Hr'g 16-17, Jan. 3, 2008.) On January 8, 2008, Judge Kosko filed a memorandum of his R&R. (*See* Doc. No. [141].) Jones filed timely objections on January 14, 2008.

This court held a status conference on March 27, 2008, and the undersigned ordered Gressette to comply with the Judgment within fifteen days or face criminal sanctions, fines, and jail time. The court also gave Mr. Massalon, Gressette's attorney, thirty days to file a response to Plaintiff's Objections. On April 7, 2008, Gressette filed a Motion to Quash a subpoena to Enterprise Bank. (*See* Doc. No. [150].) The Motion states, "In support of this motion, the Defendant will show that a previous subpoena in substantially the same form was quashed by the Honorable George Kosko, United States Magistrate Judge, on or about August 29, 2006." (Mot. to Quash at 1.)

On April 14, 2008, a "Satisfaction of Judgment" was filed, indicating that the interim judgment of $628,819.37 entered on January 16, 2008, had been satisfied. (*See* Doc. No. [153].) That same day, Defendant filed a Motion for Relief from Order; this motion stated that although the interim judgment had been satisfied, defense counsel "believes that Plaintiff's counsel is of the view that Mr. Gressette still has not complied with prior orders of this Court." (Mot. for Relief at 1.) The

Motion further states,

> Counsel for Mr. Gressette have reviewed the record of the proceedings before this Court and have been unable to ascertain what additional actions, if any, Mr. Gressette must take to comply with prior court orders. Therefore, Mr. Gressette respectfully requests an order of this Court finding that he has complied with his obligations by paying the judgment, or, in the alternative, clarifying Mr. Gressette's obligations so that he might have a reasonable opportunity to comply.

(*Id.*)

On August 11, 2008, Paul Tinkler, one of Plaintiff's attorneys, filed a letter with the court, stating, "I regret having to continue to seek help from the court for a matter we thought was settled a year ago." (*See* Doc. No. [160].) Mr. Tinkler indicates that the last two stages of the arbitration took place in May and June of this year but that the parties are awaiting rulings from Mr. Dawes Cooke, the arbitrator. (*Id.*) The letter further states that in the interim, Mr. Cooke ordered Gressette to pay $66,779.68 in interest resulting from Gressette's failure to remit various taxes to state and federal authorities during the period in which Gressette was ordered (by the undersigned) to operate the business in the ordinary course. Mr. Cooke ordered the payment be made by July 21, 2008, but Mr. Tinkler states that because no payment had been made as of the date of the letter, he requested the court to enter a judgment in that amount. The court entered an interim judgment in the sum of $66,779.68 against Gressette. (*See* Doc. No. [162].)

At this point in time, three motions remain pending: (1) the Motion to Reopen Case, Enforce Settlement Agreement, and Impose Sanctions; (2) the Motion to Quash; and (3) the Motion for Relief from Order.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole

or in part, the recommendations contained in that R&R.  28 U.S.C. § 636(b)(1).  After a review of the entire record, the R&R, Plaintiff's objections, and Defendant's response to those objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  The court therefore adopts the R&R.

## **ANALYSIS**

As noted, Magistrate Judge Kosko recommended (1) that the Settlement Agreement between the parties ended the matter with finality; (2) that the arbitrator did not exceed his authority under the terms of the arbitration agreement; and (3) that the matter be returned to state court to enforce the Settlement Agreement.  (*See* Doc. No. [141].)  Jones filed the following three objections to the Report and Recommendation: (1) no hearing was held on the Plaintiff's motion; (2) the settlement agreement did not "end" the case; and (3) the arbitrator's interim award should be entered as a judgment of the court.  (*See* Objections at 5.)  With respect to the third objection, the court does not consider it, as it is moot.  On January 16, 2008, the court entered an interim judgment of $628,819.37 for the years 1997-2004 in favor of Sunset Grille, Inc. against David C. Gressette.  (*See* Doc. No. [144].)  As Jones's request has been granted, it merits no further discussion, and the court notes this interim judgment has been satisfied.

Jones's first objection is that there was no hearing on the Plaintiff's Motion to Reopen Case, Enforce Settlement Agreement and Impose Sanctions.  (Objections at 5.)  Jones asserts the Notice of Hearing did not refer to the Plaintiff's motion; rather, Jones asserts the Notice of Hearing pertained only Gressette's Motion to relieve his counsel.  Plaintiff states,

> The Plaintiff's Motion already had been scheduled for hearing on January 18, and Gressette's time for responding to the [Plaintiff's] Motion had not expired.  Although the pendency of the Motion was mentioned in the course of the hearing–most of the discussion revolving around the question whether Mr. Gressette needed to respond

6

in light of Judge Kosko's recommendations–the hearing did not touch on its merits. (*Id.*)[2]

It is true that the Notice of Hearing did not reference Plaintiff's motion. Indeed, the Notice of Hearing was filed seven days *before* Plaintiff filed his Motion to Reopen Case, Enforce Settlement and Impose Sanctions. However, Plaintiff's counsel did attend the hearing held on January 3, 2008, and while Jones asserts otherwise, a fair reading of the transcript indicates that the Magistrate Judge was indeed addressing the Plaintiff's motion as well as Gressette's Motion to relieve his counsel. The court thus finds no merit to Plaintiff's objection that the Magistrate Judge erred in issuing a Report and Recommendation without holding a hearing on the merits.[3]

Plaintiff's second objection is that the Magistrate Judge erred in determining the Settlement Agreement ended the case. (Objections at 6.) According to Plaintiff, the Settlement Agreement "did a number of things," none of which was to end the case. (*Id.*) As Plaintiff notes, the Settlement Agreement resolved the issue of who actually owned the corporation. (*See* Settlement Agreement ¶ 1.) It also indicated that Plaintiff agreed to dismiss his claims for punitive damages with prejudice. (*Id.* ¶ 3.) The parties agreed "to have a full accounting of SSG from the date of its creation in 1997 to the date of settlement or arbitration." (*Id.* ¶ 6.) Paragraph Six also states,

---

[2]In his objections, Mr. McKnight, counsel for Jones, states that he had not planned to attend the hearing scheduled for January 3, 2008, because he had advised the court and opposing counsel that he did not oppose the relief requested in that motion. In other words, he did not oppose Mr. Utsey's request to be relieved as Gressette's counsel. (Objections at 2.) McKnight attended the hearing, however, after he received a call indicating that Judge Kosko wanted him to be present. (*Id.* at 3.)

[3]Furthermore, the court notes that pursuant to Local Rule 7.08, D.S.C., "Hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

> f. The parties' forensic accountants shall meet, review their findings, and agree as much as possible on proper adjustments to the SSG books. The accountant's agreement shall be final as to any issues on which they agree. The accountants shall issue a joint report no later than September 10, 2007 in which they shall list (by date, description, and amount) all items on which they agree as well as items on which they disagree, along with an explanation of their respective positions on the disagreement;
>
> g. Any remaining differences in accounting shall be submitted to binding arbitration by an arbitrator upon whom the parties shall agree not later than September 10, 2007, to be paid by SSG.
>
> . . .
>
> i. The parties shall make any adjustments to SSG's books as decided by the accountants or arbitrator and make necessary payments within 30 days of any report of accountants or decision of arbitrator to "true up" their respective capital and other accounts. Defendant and/or Plaintiff shall pay to SSG, within thirty (30) days of the accountants' report, the respective sum(s) deemed by the accountants (if any) to be owed by Defendant and/or Plaintiff to SSG. The arbitration award (including agreements by accountants) may be filed as a judgment immediately upon entry of the award.
>
> . . .
>
> k. The lawsuit shall be stayed in light of the arbitration, but the existing restraining order shall remain in effect until the final resolution of these claims whether by settlement, arbitration, or other means.

(*Id.* ¶ 6.) Furthermore, Paragraph 9, entitled "Operation and Sale of Business," provides that the parties shall try to sell the business for a price agreed upon by Jones and Gressette. (*Id.* ¶ 9.) This paragraph states,

> If the Plaintiff and Defendant cannot agree as to any issue with respect to SSG (including, without limitation, management of the business, sale of the business, dissolution of the corporation, or any other statutory rights or remedies), either Plaintiff or Defendant may demand, in writing, with notice to the other, an arbitration of any such issue, to be submitted to the arbitrator chosen by the parties pursuant to the above provisions . . ."

(*Id.* ¶ 9.)

As noted, Jones has filed a Motion to Reopen Case, Enforce Settlement Agreement, and Impose Sanctions. On August 27, 2007, this court issued an order indicating that if settlement was not consummated within 120 days, either party could petition to reopen the case or, to the extent

8

permitted by law, petition the court to enforce the settlement. (*See* Doc. No. [114].) In his Memorandum in Support of the Motion to Reopen Case, Plaintiff states,

> The process contemplated by the Settlement Agreement was that Gressette would provide or assist in the provision of all personal and corporate records necessary for the parties' accountants to determine how much he owed the corporation. The accountants would then review those records and come to an agreement as to amounts unquestionably owed and those amounts would be repaid to the corporation. If there were any disputes as to the amounts owed, the disputes would be submitted to binding arbitration on an expedited basis in contemplation of all disputes being resolved and all amounts determined to be due paid into the corporation before the end of the calendar year 2007. Moreover, Gressette would execute mortgages on property he owned (or he once owned but placed into trusts) as collateral security for the debt.

(Mem. in Supp. at 4.) The gist of Plaintiff's Motion is that Gressette agreed, pursuant to the Settlement Agreement, to take certain action that, at least as of the date Plaintiff filed the motion, Gressette had not taken.

At the time Judge Kosko issued his Report and Recommendation, Gressette had not filed a Response in Opposition to the Motion to Reopen Case, Enforce Settlement, and Impose Sanctions. Since the time the R&R was issued, this court entered a partial judgment against Gressette in the amount of $628,819.37 for the years 1997-2004, and that partial judgment has been satisfied. At the status conference, the following exchange occurred:

> THE COURT: What I'm not absolutely clear on, and I understand the history of the case, is what specific relief you seek in Federal Court at this time. If the arbitration is going forward and that's what the Court ordered, and if the judgment is satisfied and if the other issues are being litigated in State Court, what is it you're asking of this Court?
> MR. TINKLER: Your Honor, at this time–and Mr. McKnight may chime in and correct–
> THE COURT: He's looking like he'd rather not.
> MR. McKNIGHT: I'd be happy to speak, Your Honor. I hear a lot of ifs, and that's been the problem with this case from day one. . . . Well, there was a promise to pay these monies by no later than November 30, for which I made a trip to Edisto Island. I'm not going to make another trip to Edisto Island for money that I haven't seen.

> That's been the problem in this case from day one. Promises are made. . . . We are made promises, those promises are not only not fulfilled, but they are actively rendered completely nugatory by Mr. Gressette's unilateral action.
> THE COURT: Let me stop you.
> MR. McKNIGHT: I'll believe the money when I see it.
> THE COURT: I believe that and I understand that. I know your position. What can this Court do at that stage–
> . . .
> THE COURT: –that stage or this stage, that you aren't already doing in State Court about those matters?
> MR. TINKLER: And I'll answer your questions, Your Honor. I think at this point we've probably got sufficient things going on with the arbitration. We've got certainly sufficient cooperation with Mr. Massalon, who agrees that Mr. Cooke has jurisdiction of–he's got pretty broad jurisdiction to deal with these matters. We think that we're in pretty good shape to get this thing finalized.
>
> However, Your Honor issued an order on August the 14th, 2006. You denied our motion for a receiver to be appointed. You said, Mr. Gressette, you please operate this business in the ordinary course of business. You didn't say please; you ordered him to do that.

(Status Conf. Hr'g Tr. 8-10, Mar. 27, 2008.) At the status conference, the court asked Mr. Massalon, defense counsel, to respond to the objections to the R&R. In addition, the court stated, "I'm retaining jurisdiction of everything that was within the ambit of the order that I issued. And one thing that I am very clear about is that I still have jurisdiction of, is enforcement of my own orders." (Status Conf. Hr'g Tr. 14, Mar. 27, 2008.) The court further stated to Mr. Gressette, "I placed the key to the jail in your hands when I told you to run that business in the ordinary course of business," (Status Conf. Hr'g Tr. 14, Mar. 27, 2008), and the court put Mr. Gressette and his attorney on notice that if Gressette failed to comply with the court's order within fifteen days, criminal sanctions, including jail time, would be possible. (Status Conf. Hr'g Tr. 15, Mar. 27, 2008.)

Gressette did respond to Plaintiff's Objections on April 28, 2008. The response states,

> [Plaintiff's] counsel argues that the [Settlement] Agreement did not end the case. This argument is supported by Paragraph 6(k) of the Agreement which provides that "the lawsuit shall be stayed in light of the arbitration . . ." Nevertheless, it is apparent from the language of the Agreement and the arguments before the

10

> Magistrate Judge, this case remained pending for the sole purpose of allowing this Court to enforce the settlement, if necessary. At this point, there is nothing to enforce. Mr. Gressette has paid the interim judgment awarded by the Arbitrator in full. Moreover, he has provided a sufficient amount of business records for SSG to allow the Plaintiff's expert to complete his evaluation of the business transactions for 2005, 2006, and 2007.

(Resp. to Objections at 3.)

The court agrees with Defendant. Although there is little doubt that Gressette has made litigating this case difficult, at this point in time, the first interim judgment has been satisfied, and a second interim judgment of $66,779.68 has been entered though not yet paid. In addition, a fair reading of Plaintiff's Motion to Reopen Case reveals that Plaintiff chiefly complains of either not receiving the personal and corporate records necessary for Plaintiff's expert to determine how much Gressette owed the corporation or not actually receiving payment. Even if Gressette did not turn over the requested records in a timely fashion, such records have obviously been turned over at this point, given that the parties are awaiting rulings from the arbitrator with respect to all remaining time periods in question. For the two decisions the arbitrator has made, Plaintiff forwarded such decisions to the court, and the court accordingly entered a judgment. When the arbitrator issues other rulings, the court will enter judgment on those rulings. In other words, all that remains is the entry and collection of these judgments. As the Magistrate Judge noted, such proceedings are better left to the state courts and in any event do not require the reopening of this case. The court therefore denies Plaintiff's Motion to Reopen Case. Furthermore, given the fact that the case has proceeded to the point of judgment, the court concludes sanctions against Gressette are unnecessary at this time.

The two remaining motions are Gressette's Motion to Quash and Gressette's Motion for Relief from Order. The Motion to Quash is denied as moot, and the Motion for Relief from Order

is granted, as it appears Gressette has complied with the court's instructions at the status conference held on March 27, 2008.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Plaintiff's Motion to Reopen Case, Enforce Settlement Agreement, and Impose Sanctions is **DENIED**. It is further **ORDERED** that Defendant's Motion to Quash is **DENIED** as moot, and Defendant's Motion for Relief from Order is **GRANTED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 2, 2008**